### The People of the State of Illinois, Defendant in Error, v. Matthew Brady, Plaintiff in Error.

### Gen. No. 23,937. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Matthew Brady, defendant. Defendant was convicted for nonsupport of his wife, but on his own motion was released on probation and gave bond. For a violation of the condition of his probation he was brought into court and ordered to pay his wife $10 a week. Subsequently he made a motion to vacate the judgment and finding of the court, which was denied, and he brings error.

THOMAS J. O'HARE, for plaintiff in error.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. CRIMINAL LAW, § 373a*—*when motion to vacate judgment is properly denied.* A motion to vacate a judgment in a criminal case is properly denied, in the exercise of the discretion of the trial court, where the affidavits in support of the motion do not present any facts excusing defendant from interposing as a defense at the time of his trial the matters disclosed in the affidavits.

2. CRIMINAL LAW—*when claim that defendant was denied right of representation by counsel is untenable.* A claim on appeal in a criminal case that defendant was denied his statutory right of representation by counsel on his trial is untenable, where the record recites that he was represented by counsel at the time of trial.

3. CRIMINAL LAW—*what is sufficient finding by court of guilty of offense charged.* In a criminal case a finding by the court that defendant was guilty "in manner and form as charged in the information herein" is sufficient as a finding that defendant is guilty of the offense charged.